IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENIKO DARREL CARTER, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-21-3095 |
| JESSUP CORRECTIONAL INSTIUTION, | * | |
| Defendant | * | |

***

## MEMORANDUM

Plaintiff Deniko Darrel Carter, who is incarcerated at Jessup Correctional Institution ("JCI"), alleges, pursuant to 42 U.S.C. § 1983, that he is housed in unsanitary conditions, that there is no hot water, and that he has not been provided a blanket, jacket or hat. For the reasons discussed below, the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, and the dismissal will serve as a "strike" under 28 U.S.C. §1915(g). Carter's Motion for Leave to Proceed in Forma Pauperis will be granted.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). The complaint is deficient because it fails to name a defendant amenable to suit or allege an injury.

JCI is not a proper defendant in this case because it is not a "person" for purposes of 42 U.S.C. § 1983. Section 1983 makes liable "[e]very person" who, under color of state law, deprives an individual of federal rights. 42 U.S.C. § 1983 (2012). State agencies are not persons within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because JCI is

a unit of the Maryland Department of Public Safety and Correctional Services, it is not a person amenable to suit under § 1983. *See Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (holding that the Maryland Department of Public Safety and Correctional Services is not amenable to suit under § 1983); *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 822-23 (9th Cir. 1969) (holding that a state prison is not a person under § 1983); *Dietrich v JCI Institution*, Civil Action No. TDC-17-145, 2018 WL 461091, at *2 (D. Md. Jan. 17, 2018) (JCI is not a "person" subject to suit under 42 U.S.C. § 1983). Dietrich's claim against JCI must be dismissed.

To the extent Plaintiff seeks to raise conditions of confinement claims under the Eighth Amendment, his claims fail. To state an Eighth Amendment claim a plaintiff must establish that a defendant exhibited deliberate indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir.1987). In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials acted with a sufficiently culpable state of mind.' *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995) (citation omitted).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003).

The Complaint, however, does not allege that any prison official or person was aware of the conditions complained of by Carter. Further the Complaint does not allege that Carter actually has sustained serious or significant injury as a result of the claimed conditions. Accordingly, these allegations, even if they are true, fail to state a federal claim.

Carter is forewarned that his ability to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Dismissal for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax*, 140 S.Ct. at 1724, *see also* 28 U.S.C. § 1915(g). This case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

Dated this __8__ day of December, 2021.

FOR THE COURT:

_____
James K. Bredar
Chief Judge